25 C.C.P.A.(Patents)

## In re CLARKSON.
### Patent Appeal No. 3916.

Court of Customs and Patent Appeals.
March 28, 1938.

260

Williams, Rich & Morse, of New York City (Henry D. Williams and G. Willard Rich, both of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel) for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant appeals from the decision of the Board of Appeals of the United States Patent Office affirming that of the Examiner rejecting claims 2, 4, 6, 7, 11, 12, and 15 to 20, inclusive. Claims 2, 4, and 11 are illustrative, and read as follows:

"2. In combination, a duct, means to draw air from said duct, means through which to discharge said air into the space served, means to draw air from the space served, and means to diffuse the air drawn from the space into the air discharged into the space after the latter has been discharged through said second-named means."

"4. In a distribution and diffusing device, a fan, means adapted and arranged to direct the discharge from said fan, a second fan, and means to diffuse the discharge of said second fan into the discharge from said first mentioned means."

"11. The process of delivering conditioned air into the occupied area of a room which comprises introducing the conditioned air at the top of the room, creating a stream of untreated room air in the room and directing it into said conditioned air as the latter emerges into the room, and projecting directly into the occupied zone of the room the resulting mixture of conditioned air intermingled with air drawn from said zone."

The cited references are as follows: Davis, 1,179,406, April 18, 1916; Burke, 1,750,458, March 11, 1930; Pierce, 1,837,065, December 15, 1931; Searles, 1,886,841, November 8, 932; Burner, 2,029,153, January 28, 1936; Sulzer (French), 716,977, October 13, 1931.

Claims 11, 12, 16, and 20 are process claims, while the other claims before us define apparatus. The application relates to an apparatus and a method for drawing conditioned or fresh air through a supply duct into a room and diffusing the air introduced, together with the room air, about the room.

The disclosure of the application is described in the decision of the Board as follows: "As illustrated in Fig. 1, conditioned air is drawn downwardly through the duct 21 by a centrifugal fan, and discharged in an outwardly and downwardly directed annular stream into the chamber or room to be ventilated, the direction of discharge being determined by the shapes of the upper and lower deflectors 6 and 7 respectively. A lower fan 13 of the propellor type causes air within the chamber to flow upwardly about the edges of the shield 11 for the heating means 12, and against the concaved surface of the lower deflector member 7. This air stream is also guided outwardly and downwardly closely adjacent the first-mentioned air stream and becomes diffused therewith. The rapidity of mixing is somewhat facilitated by the modified construction shown in Fig. 2 in which the outer edge of the lower deflector member 7 is made of scalloped form. In the Fig. 5 device the lower fan is dispensed with and suction produced by the stream delivered from the centrifugal fan is relied upon to draw a stream of room air through the annular passage formed between the deflector members 7a and 7b."

The Board affirmed one of the grounds of rejection of the claims by the Examiner which was that their subject matter did not involve invention over the references of record. In view of our conclusion, other grounds of rejection by the Examiner need not be considered here.

The Davis patent relates to a ventilating apparatus and system to provide for the admittance of fresh air through a duct at the top of a room, and its diffusion and circulation through the room with the room air. It shows several alternative forms of ap-

paratus, one of which was relied upon by the examiner. In this particular form the air is received through a funnel at the top of the room and flowing through a duct is discharged into a space between the ceiling proper and a false ceiling. The false ceiling is perforated with holes through which the fresh air passes. As the fresh air comes in through the said holes into the room it is mingled with a current of warm and room air, discharged through a duct by a fan. The discharge opening of the duct is in one of the walls near the false ceiling. The room air, which mingles with the warm air discharged by the fan into the room, is drawn through a lower opening of the duct near the bottom of the wall. Air at the floor is drawn through a passage in the wall flush with the floor and extending through the roof and discharged by a fan.

The patent of Pierce discloses a fan which draws air from a fresh air duct over heating coils into a brooder, and provides for continuously circulating fresh warm air through the chick-containing compartments.

The Burke patent shows a heating and ventilating system, each unit of which discloses a fan by means of which fresh air, tempered or cool, is drawn through a duct into the room and there discharged by a fan through oppositely directed discharge openings. On the lower end of the shaft of the motor another fan is attached which circulates the room air at the same time.

The patent of Burner, while it relates to refrigerating processes and apparatus, has among its objects the maintaining of continuous circulation in a storage room of fresh air, of controlled temperature, from outside or room atmosphere. This object is accomplished by means of motor driven fans which drive the air over cooling coils.

The Searles patent discloses a fan, mounted in the discharge pipe of an air heating furnace, which draws conditioned air from the pipe and discharges it into the room.

The French patent to Sulzer shows air distributing devices. Four of the six figures disclose means whereby the course of fresh air entering through a circular opening in the ceiling is turned from a straight course by deflector plates, generally conical in appearance. The air entering through the opening and deflected serves to draw to itself the air of the room, thus generating a circulation close to the apparatus. It may be noted here that figures 1 and 5 of the application show the same type of circulation.

Apparatus claims 2, 6, 7, 17, and 18 were rejected on Davis. We cannot agree with appellant that the diffusion of the conditioned air mixed with room air can be accomplished only by some such apparatus as the claims show. In the Davis patent the fresh air that passes through the perforations in the false ceiling mingles with the warm air and room air that is blown into it. Mixture of the different airs seems inevitable, and stratification would appear to be impossible. Circulation is clearly shown by the fans and ducts.

The device in the Davis patent does not provide for the drawing in of conditioned air by means of a fan as does the device of the claims. In the patent, the air comes in through a cowl upon which is affixed a vane so that the mouth of the cowl always is presented to the air current and the volume of air entering the room is controlled by a damper. The use of a fan to draw air from a duct is not new. It is disclosed by both the Pierce and Searles patents. Since the Davis patent calls for the use of a fan in discharging the mixture of warm air and room air into the conditioned air, we are of opinion, as was held by both tribunals below, that it would not amount to invention to similarly use a fan in the conditioned air duct of the patent.

Apparatus claim 19 was rejected over figure 6 of the Sulzer patent. While the patent does not show fans, nevertheless it does show the same type of air circulation. The use of a fan is nothing unobvious if it should be desired to increase the volume of air moved inwardly and upwardly. It appears to us that the addition of the fans would make the device and method of the patent practically identical to the device and method of claim 19.

Apparatus claims 4 and 15 were rejected on the Burke patent taken in connection with Sulzer. It is clear that Burke shows a fan apparatus drawing conditioned air into the room, the discharge of the air in opposite directions and circulating it together with room air by a second fan, and the Sulzer patent discloses the same type of mixing room air and conditioned air in circulation, as is shown in the claims. We are of opinion there is no error in the decision of the Board in applying the two references to claims 4 and 15.

262

Process claims 11, 12, and 16 were rejected on the Sulzer patent. The process in the patent shows the delivery of conditioned air at the top of the room. The said air creates a current of room air which mingles with the conditioned air, and the mixture becomes diffused throughout the room. We think the rejection of these claims was proper.

Process claim 20 was rejected as reading on the Davis patent. This claim is based on claim 11, "with the added step that said stream of untreated room air is changed in temperature before mixing with said ·conditioned air." This step is so clearly disclosed in the Davis patent, upon which claim 11 was rejected, that we deem it unnecessary to discuss it.

 Appellant questions the propriety of combining the Davis and Sulzer patents with other references, in which combinations "the usefulness of the Davis and Sulzer devices is destroyed." Even if the usefulness of the patent devices were destroyed, which we cannot concede, nevertheless we are of opinion that the law in this respect is well settled in Re Nielsen, 80 F. 2d 71, 72, 23 C.C.P.A., Patents, 783, where the court held: "The question is simply whether it required invention to introduce a snap acting valve controlling device of known structure into the jack organization of the prior art, in place of another valve operating means."

There is nothing here, as we see it, that requires invention to introduce fans, as shown in other references, into the operating means of Davis or Sulzer, to anticipate the rejected claims.

Appellant appears to argue that because the Sulzer patent is a foreign patent it may not be cited as a reference unless it discloses everything shown in a claim. The rule has been clearly laid down by this court in Re Crowley, 74 F.2d 753, 756, 22 C.C.P. A., Patents, 881, as follows: "It is quite true that under many authorities a certain distinction has been declared between foreign and domestic patents·when used as references, but certainly there is no authority which holds that what is clearly disclosed in a foreign patent may not be combined with the disclosures of other patents to negative patentability. The rule is to the contrary."

The bringing in of conditioned air into a room, its mingling with room air, and the circulation of the mixture, are clearly disclosed in the Sulzer foreign patent. The type of mixture and circulation in the patent is the same as that of the appealed claims. The device of the patent is not materially different from that of the appealed claims, except that there are no fans shown in the foreign patent. Taking the Sulzer patent for what it clearly discloses and ·combining thereto the fans of other cited references is proper here.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.